U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN - 7 2011

Stephan Harris, Clerk
Casper

Drake D. Hill
Matthew A. Hartford
Beatty, Wozniak & Reese
907 North Poplar Street
Suite 251
Casper, Wyoming 82601
(307) 265-2085 (telephone)
(307) 265-2161 (fax)

*Attorneys for Eleutian Technology, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF WYOMING

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC, a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SKYLAKE GLOBAL INCUVEST 1 PRIVATE INVESTMENTS SPECIALTY CO., LTD., a Korean corporation; SKYLAKE INCUVEST & CO., a Korean Corporation; CDI HOLDINGS, INC., a Korean corporation; CHUNGDAHM LEARNING, INC., a Korean Corporation,  KEVIN CHOI, an individual; DAEJE CHIN, an individual; SUSAN CHIN, an individual; and MICHAEL KIM, an individual),<br><br>　　　　Defendants. | **COMPLAINT AND REQUEST FOR JURY TRIAL**<br><br><br>Case No. _____<br><br>Hon. _____ |

Plaintiff Eleutian Technology, Inc. ("Eleutian Technology") hereby complains against

defendants SkyLake Global Incuvest 1 Private Investment Specialty Co., Ltd.  and SkyLake

Incuvest and Co. (collectively, "SkyLake"), CDI Holdings, Inc. and ChungDahm Learning, Inc. (collectively, "CDI"), Kevin Choi ("Choi"), Daeje Chin ("D Chin"), Susan Chin ("S Chin") and Michael Kim ("Kim") (SkyLake, CDI, Choi, D Chin, S Chin and Kim are referred to herein collectively, as "Defendants") and alleges as follows:

### Parties, Jurisdiction & Venue

1.      Eleutian Technology is a Delaware Corporation with its principal place of business in Ten Sleep, Wyoming.

2.      SkyLake is a Korean corporation doing business in the Republic of Korea, headquartered at: 4th Floor, KAIST Digital Media Lab, 517-10, Dogok-dong, Gangnam-gu, Seoul 135-270, Korea, with offices in the United States located at 3003 N. First St., Suite 214, San Jose, CA.

3.      CDI is a Korean corporation doing business in the Republic of Korea and in the United States. CDI does not have its principal place of business in Wyoming.

4.      Choi, D Chin, S Chin, and Kim are individuals residing in Korea.  S Chin is believed to be a citizen of the United States. Choi, D Chin, S Chin, and Kim are not residents of the State of Wyoming.

5.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as there exists in this matter complete diversity and the amount in controversy, as further specified in this Complaint, exceeds the jurisdictional requisite for diversity jurisdiction.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

2

**Factual Background**

7.     Eleutian Technology designs, develops, and teaches computer-based programs for teaching English in other countries by use of the internet.

8.     On or about April 8, 2008, Eleutian Technology entered into a Joint Venture Agreement with SkyLake and CDI pursuant to which the parties formed Eleutian Korea, Ltd. for the purpose of selling and distributing certain limited Eleutian Technology products in the Republic of Korea.     The Joint Venture Agreement contains an arbitration provision. Concurrently with the filing of this Complaint and request for a temporary restraining order, Eleutian Technology has requested mediation and arbitration pursuant to the agreement.

9.     In or about  April 2008, Eleutian Technology and Eleutian Korea, Ltd. entered into a Distribution Agreement pursuant to which Eleutian Technology appointed Eleutian Korea, Ltd. to be the exclusive distributor of a particular Eleutian Technology distance learning product (the "Product"), in the Republic of Korea through December 31, 2016.

10.     Representatives of SkyLake and CDI visited Eleutian Technology's headquarters and negotiated the Joint Venture Agreement and Exclusive Distribution Agreement while physically present in Wyoming.

11.     Eleutian Technology fully performed its obligations to the agreements.

12.     Eleutian Technology is owed in excess of US$6 Million pursuant to the Distribution Agreement for services rendered which have been invoiced but are unpaid. This is a matter which, based on contractual agreement, has also been submitted to separate binding arbitration.

3

13.     As a tactic designed to obtain additional money from Eleutian Technology, some or all  Defendants have knowingly, purposefully and systematically interfered with Eleutian Technology's business relationships with its U.S. and Korea business associates, partners, contractors, and vendors  including by threatening them with civil suit and even criminal prosecution in the event they maintained their business relationships with Eleutian Technology.

14.     In addition, some or all Defendants defamed Eleutian Technology by publishing completely false and injurious information about Eleutian Technology: (1) that Eleutian Korea, Ltd. is the only entity legally permitted to distribute any products or services purchased from Eleutian in Korea; and (2) that by continuing to conduct business with Eleutian Technology they may become party to a criminal or civil action.

### First Claim for Relief
### (Tortious Interference with Economic Relations)

15.     Eleutian Technology hereby incorporates the foregoing allegations herein by this reference.

16.     Eleutian Technology has and maintains contractual relationships with numerous businesses and consultants in the Republic of Korea and the United States.

17.     In addition to maintaining existing contractual relationships with Korean and US businesses, Eleutian Technology has a reasonable expectation of entering into contractual relationships with other US, Korean, and Asian businesses.

18.     Defendants are aware and have knowledge of Eleutian Technology's contractual relationships with numerous Korean and US businesses and contractors, and are aware and have

4

knowledge of Eleutian Technology's expectation of entering into contractual relationships with other Korean and US businesses and contractors.

19.    Defendants intentionally and improperly interfered with Eleutian Technology's existing and prospective contractual and business relationships with other US and Korean businesses and consultants by, among other things, publishing false, defamatory and disparaging information about Eleutian Technology and its services.

20.    Defendants' intentional interference with Eleutian Technology's contractual and business relationships has already caused,  and will continue to cause, various associates and businesses to be hesitant, or to cease to do business with Eleutian Technology, and/or to terminate their contracts with Eleutian Technology.

21.    Eleutian Technology has already been damaged by Defendants' interference with its contractual and prospective business relations in an amount to be proven at trial, which is believed to be in excess of US$20 Million.

22.    Because Defendants' conduct was willful and malicious, Eleutian Technology is entitled to an award of exemplary damages.

### Second Claim for Relief
### (Defamation/Business Disparagement)

23.    Eleutian Technology hereby incorporates the foregoing allegations herein by this reference.

24.    By communicating via written communication false and disparaging information about Eleutian Technology and its services to Eleutian Technology's business associates and

contractors in the US and in Korea, Defendants have defamed Eleutian Technology and its services.

25.     Defendants' false and disparaging statements were made with the intent to deter companies and individuals from contracting or maintaining contractual relationships with Eleutian Technology and to thereby harm Eleutian Technology.

26.     Defendants' false and disparaging statements were published with knowledge of their falsity or with reckless disregard for their truth.

27.     Defendants' false and disparaging statements are not subject to any privilege.

28.     Defendants' false and disparaging statements have damaged Eleutian Technology by prejudicing and discrediting Eleutian Technology in the estimation of the US and Korean business community and marketplace and by deterring current and future customers and contractors from doing business with Eleutian Technology.

29.     The false and defamatory statements published by Defendants have subjected Eleutian Technology to pecuniary loss.

30.     As a result of the publication of the defamatory statements and disparagement of Eleutian Technology and the Products, Eleutian Technology has suffered or anticipates that it will suffer damages in the form of lost sales, diminished goodwill, and other damages all in an amount to be proven at trial, which is believed to be in excess of US$20 Million.

31.     Because Defendants' conduct was willful and malicious, Eleutian Technology is entitled to an award of exemplary damages.

### Third Claim for Relief
### (Temporary Restraining Order/Injunction)

32.   Eleutian Technology hereby incorporates the foregoing allegations herein by this reference.

33.   Although Eleutian has already suffered damages from the letters sent by Defendants, Eleutian Technology will suffer irreparable harm unless Defendants are restrained and enjoined from interfering with its contractual and prospective business relations and from disparaging Eleutian Technology and the Products and threatening it's business partners and contractors in the US and Korea.

34.   Defendants will not be harmed by the entry of an order enjoining Defendants from threatening Plaintiff's customers, partners and contractors; interfering with Plaintiffs contractual and prospective business relations; and from disparaging Plaintiff and the Products. Indeed Defendants have no other business with said customers, partners, and contractors other than to disparage Plaintiff.

35.   An injunction restraining Defendants from interfering with Eleutian Technology's contractual and prospective business relations and from disparaging Eleutian Technology and the Products would serve the public interest.

36.   There is a substantial likelihood that Eleutian Technology will prevail on the merits of the claim set forth above.

37.   Eleutian Technology is entitled to a temporary restraining order and injunction restraining Defendants, and all acting in concert with them, from contacting or communicating

7

with Eleutian Technology's current customers, partners, and contractors, and from disparaging Eleutian Technology and the Products in the market.

WHEREFORE, Eleutian Technology demands judgment against Defendants as follows:

1.    Under Eleutian Technology's First Claim for Relief, for judgment against Defendants  in an amount to be proven at trial, which is believed in excess of US$20 Million, plus exemplary damages;

2.    Under Eleutian Technology's Second Claim for Relief, for judgment against Defendants in an amount to be proven at trial, which is believed in excess of US$20 Million, plus exemplary damages;

3.    Under Eleutian Technology's Third Claim for Relief, for an order temporarily restraining Defendants and a preliminary and permanent injunction, restraining any and all acting in concert with them, from contacting or communicating with Eleutian Technology's current customers, partners, and contractors, and from disparaging Eleutian Technology and the Products in the market;

4.    Under all claims for relief, for an award of the attorneys fees and costs incurred by Eleutian Technology herein; and

5.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

## PLAINTIFF HEREBY DEMANDS TRIAL TO A

## JURY ON ALL ISSUES SO TRIABLE.

8

DATED this _7_ day of January, 2011.


By: _Drake D. Hill by MAH_
Drake D. Hill [Wyo. Atty. No. 6-3106]
Matthew A. Hartford [Wyo. Atty. No.7-4577]
Beatty, Wozniak & Reese
907 North Poplar Street
Suite 251
Casper, Wyoming 82601
(307) 265-2085 (telephone)
(307) 265-2161 (fax)

*Attorneys for Eleutian Technology, Inc.*