

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC, a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> SKYLAKE GLOBAL INCUVEST 1 PRIVATE INVESTMENTS SPECIALITY CO., LTD., a Korean corporation; SKYLAKE INCUVEST & CO., a Korean corporation; CDI HOLDINGS, INC., a Korean corporation; CHUNGDAHM LEARNING, INC., a Korean corporation, KEVIN CHOI, an individual; DAEJE CHIN, an individual; SUSAN CHIN, an individual; and MICHAEL KIM, an individual, <br><br> Defendants. | Case No. 11-CV-08 -D |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's motion for a Rule 65(b) temporary restraining order.  Plaintiff is a Wyoming-based corporation that develops and distributes computer technologies used to facilitate long-distance English language education, and its largest market is South Korea.  Plaintiffs allege that Defendants are tortiously interfering with Plaintiff's current and prospective economic endeavors in the Korean market.

A party is entitled to a temporary restraining order if it can demonstrate: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the alleged injury outweighs any harm to the adverse party; (4) the injunction would serve the public interest. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). To obtain a temporary restraining order against a party before that party can respond, the movant must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certify in writing any efforts to notify the adverse party. FED. R. CIV. P. 65(b)(1)(A)-(B). Having considered the verified complaint, attached exhibits, and testimony received at a January 17, ex-parte hearing, the Court finds that Eleutian Technology is entitled to a temporary restraining order. Although Defendants' objections have not been heard, the Court further finds that Plaintiff is entitled to the restraining order immediately.

General counsel for Plaintiff, Brian Holiday, testified that Defendants are engaged in an ongoing effort to send Eleutian clients and prospective partners false, disparaging, and threatening letters and that, unless this effort is enjoined, the letters will immediately and irreparably injure Eleutian's ability to continue doing business in Korea. Mr. Holiday argued that the letters will cost Eleutian customers, market position, and goodwill. Indeed, he testified that Defendants' letters have already prevented Eleutian from obtaining two contracts with South Korean Ministries of Education. Allegations in Plaintiff's verified complaint and the affidavit of

Eleutian owner Kent Holiday support Mr. Holiday's testimony.

The Court finds that Plaintiff's allegations and testimony clearly establish Plaintiff is entitled to a temporary restraining order. If its allegations are true, Plaintiff is likely to succeed on the merits of its underlying claim of tortious interference with economic expectancy. Plaintiff has also established that Defendants' conduct will immediately and irreparably injure Plaintiff before Defendants' can be heard. Given the ease with which Defendants could draft and send threatening letters, and that these letters have already damaged Plaintiff, even a short delay could significantly cripple Plaintiff's ability to compete in South Korea.

Not only could a delay irreparably injure Plaintiff, but Defendant had adequate notice of Plaintiff's motion and the January 17 hearing. Plaintiff emailed its complaint, motion, and memorandum in support of its motion to Defendants on January 7, 2011–the same day Plaintiff filed those documents with the Court. Plaintiff indicates that Defendants received hard copies of the pleadings on January 10 and 11. Finally, counsel for Plaintiff indicated that Defendants received notice of the January 17 hearing. The Court finds that Defendants had adequate notice of the motion and hearing. Defendants' failure to be heard in opposition to the motion does not offend traditional notions of fair play or the spirit of Rule 65. *See* FED. R. CIV. P. 65(b) advisory committee's note to the 1966 Amendment, which indicates that informal notice is sufficient.

To comply with Rule 65(b)(2), a restraining order issued before the non-movant has opportunity to respond must: "state the date and hour it was issued; describe the injury and state

why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." FED. R. CIV. P. 65(b)(2).

THEREFORE, the Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. This order shall issue on January 18, 2011, at 4:30 p.m.

2. That Eleutian will suffer irreparable harm, including loss of customer base, loss of goodwill, loss of market position, and disclosure of confidential proprietary data, unless Defendants are temporarily restrained from making threats and untrue statements to interfere with Plaintiff's business;

3. Eleutian's loss of customer base, loss of goodwill, and loss of market position would be irreparable because Eleutian may be unable to identify all lost customers, partners or contractors. Even if it could, no monetary award could adequately repair damage to Eleutian's goodwill, reputation, and ability to foster new business partnerships. *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156-57 (10th Cir. 2001) (affirming temporary injunction where plaintiff's alleged irreparable injury was loss of customers, goodwill, and reputation).

4. That Plaintiff's transmission of the pleadings in this case to Defendants by email, FedEx, and delivery to the South Korean Central Authority gave Defendants

adequate notice of Plaintiff's motion and the January 17 hearing. Issuing a temporary restraining order before Defendants can be heard in opposition will not offend traditional notions of fair play and substantial justice.

5. That on the evidence before the Court there is a substantial likelihood Plaintiff will succeed on the merits of its tortious interference of business expectancy claim set forth in the verified complaint;

6. That restraining Defendants from threatening and disparaging Plaintiff will not harm Defendants and will serve the public interest;

THEREFORE, the Court ORDERS:

1. Defendants, and those acting in concert with them, are hereby prohibited, enjoined, and restrained from contacting Eleutian's customers, business partners, and contractors, and from disparaging Eleutian Technology and its products in the marketplace.

2. That pursuant to Rule 65(b)(2), this order expires in fourteen days unless extended by the Court, on the record, for good cause. FED. R. CIV. P. 65(b)(2).

3. That pursuant to Rule 65(b)(4), Defendants may appear and move to dissolve or modify this order upon two days' notice to Plaintiff. FED. R. CIV. P. 65(b)(4)

4. That any motion to dissolve this order or for a preliminary injunction shall be set for hearing at the earliest possible time.

IT IS SO ORDERED.

DATED this 19th day of January, 2011.

                                                  Chief United States District Judge