UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

ELEUTIAN TECHNOLOGY, INC., a
Delaware Corporation,

Plaintiff,

- against -

SKYLAKE GLOBAL INCUVEST 1 PRIVATE
INVESTMENTS SPECIALTY CO., LTD., a
Korean corporation, SKYLAKE INCUVEST &
CO., a Korean Corporation, CDI HOLDINGS, INC.,
a Korean corporation, CHUNGDAHM LEARNING,
INC., a Korean Corporation, KEVIN CHOI, an
individual, DAEJE CHIN, an individual, SUSAN
CHIN, an individual, and MICHAEL KIM, an
individual,

Defendants.

11-CV-08-D

**AFFIDAVIT OF
<u>KYEOUNG ROK GEONG</u>**

Kyeong Rok Geong, pursuant to 28 U.S.C. § 1746, states as follows:

1.      I am an attorney working at DaeRyook & Aju International Law Firm in Seoul, Korea, the Defendants' Korean legal counsel for the above-captioned action since the end of January 2011. I am a member in good standing of the Korean bar, and was admitted to practice law in March 2000.  I provide many of the facts including legal issues with respect to the above-captioned action as below.

2.      Firstly, it is true, as Mr. Seungwoo Kevin Choi has stated in his affidavit, dated February 8, 2011, that under the laws of Korea, under his or her fiduciary obligations, a director

of a company must and a shareholder may file a criminal complaint against all persons known or suspected of committing a financial crime or wrongdoing against the wronged company. Not to do so might open that director to liability to its shareholders, creditor or investors as the case may be.

3.      Secondly, I have reviewed the "cease and desist" letters sent by Skylake Global Incuvest 1 Private Investments Specialty Co., Ltd. to IGSE on August 31, 2010, and to Mr. Hoon Sang Lee of Global Cyber Technology on December 24, 2010. The content of such letters are perfectly normal and consistent with Korean practice in cases where someone's right is breached or believed to be breached by another person's wrongdoing.

4.      Thirdly, our firm has very strong criminal practice teams, and one of our managing partners, Jin-Gyu Chung, is a former Chief Public Prosecutor at Seoul High Public Prosecutor's Office in 2003 and former Head of Legal Research and Training Institute, Ministry of Justice in 2004. The public prosecutor's office is an independent and very powerful branch of the Korean government and further, no person or company could possibly presume to direct how that office conducts its official business or exercises its authority.

5.      It is standard operating procedure and common legal practice that upon filing a criminal complaint in Korea, an investigator in the prosecutor's office will first meet the petitioner (Skylake) to collect the factual information and then have an interview with the counterparty (Kent Holiday) to listen to his arguments. Thereafter, if necessary, the prosecutor will arrange a cross-exam meeting at which the petitioner and the counterparty attend such

meeting and cross-examine each other.  This is a normal procedure for the criminal complaint filed by the petitioner.

6.      Lastly, Chungdam Learning Inc. ("CDI") is a Korean public company listed on KOSDAQ.  It is required under the rules and regulations of Korea (including Korea Exchange; equivalent of the New York Stock Exchange in Korea) that a publicly-traded company discloses any significant litigation or material information upon knowledge that might effect its stock price. As far as I understand, it is very similar to the U.S. securities laws.  CDI's disclosures on January 21, 2011 of the Wyoming lawsuit was consistent with and in accordance with the above rules and regulations, and further, CDI consulted beforehand with the Korea Exchange with respect to the disclosure itself, and subsequently made it public.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Seoul, Korea
       February 8, 2011


_____
       Kyeong Rok Geong