# CIVIL MINUTE SHEET
# STATUS CONFERENCE

☑ **Telephonic**

Date: 02/08/11

Time: 5:38 -6:45 pm        Case No.: 11CV08-D

ELEUTIAN TECHNOLOGY INC.   VS   SKYLAKE GLOBAL INCUVEST

| William F. Downes | Ryan Day | Jamie Hendrich | Ryan Day |
|---|---|---|---|
| Judge | Clerk | Reporter | Law Clerk |

Attorney(s) for Plaintiff(s): Drake Hill, Matt Hartford, Brian Holiday

Attorney(s) for Defendant(s): John Lovi and Ryan Schwartz

**Other**

(The Court and Staff appeared from New Mexico - only 6 parties allotted on Conference call.) The Court was advised that the Defendant is now willing to arbitrate. Plaintiff advised their Primary concern is freeing Kent Holiday from travel restrictions. Admits the Court has no authority to order release, but does ask to order the Defendant to help; cites Defendant's affidavit and Lovi's letter as evidence that Defendant asked Korean Authority to resume criminal investigation of Holiday, which led to travel hold on Holiday.

The Court inquired about Defendant's allegations that Holiday stole, embezzled, and violated joint venture agreement. Counsel for Plaintiff says charges are false and further shows a pattern of ignoring potential civil remedies and have instead used criminal complaints and disparaging letters to settle what is really a civil matter. Counsel for Defendant admits initiated criminal complaint and asked Korean Authority to renew investigation, but says he has no control over the investigation because it is now in hands of authorities. Any suggestion Deft could make criminal charges vanish shows ignorance of Korean laws and is insulting. Deft would like to proceed with arbitration as required by joint venture agreement, but they cannot. Plaintiff filed arbitration claim and named Eleutian Korea as Deft - they no longer have the power to hire attorney or defend itself and suggests Plf should dismiss Defendant in Wyoming Law Suit and in exchange Defendant will do what it can to help Holiday come home, and start new arbitration proceeding with proper defendant.

Parties are ordered to discuss ways to resolve the dispute without involving the Court. They should find a way to arbitrate. Parties indicate they will meet Thursday. They must prepare a joint status report discussing their negotiations and submit it to the Court by 4:30 Mountain time on Friday, 2/11. Parties can supplement that report before preliminary injunction hearing (currently scheduled for Tuesday, 2/15). The status report should include any developments in ongoing criminal investigation in Korea. Notwithstanding the TRO, publicly-traded defendant CDI may comply with disclosure requirements imposed by Korean securities laws. No party is expected to violate the laws of its country. Parties are to admonish clients not to be misleading in pleadings to Court. Even if the Court does not retain jurisdiction over the lawsuit, it will retain jurisdiction over any party to file a false pleading